NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 30 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FELIPE LOPEZ SANTANA, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 20-70290 Agency No. A206-403-207 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 28, 2021[**]
San Francisco, California

Before: McKEOWN and NGUYEN, Circuit Judges, and HUCK,[***] District Judge.

Felipe Lopez Santana seeks review of the Board of Immigration Appeals'

("BIA") dismissal of his appeal of an immigration judge's ("IJ") denial of his

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Paul C. Huck, United States District Judge for the U.S. District Court for Southern Florida, sitting by designation.

applications for asylum and withholding of removal.[1] We lack jurisdiction to review the BIA's extraordinary-circumstances determination, and we dismiss the petition as to that issue. We review the denial of withholding of removal for substantial evidence, and "we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition as to that issue.

Lopez Santana asserts that he has established extraordinary circumstances to avoid the one-year time bar for filing his asylum application. 8 U.S.C. § 1158(a)(2)(D). He argues that the BIA did not credit the extent of the psychological trauma that he experienced. Lopez Santana challenges factual findings, and we lack jurisdiction to review the BIA's extraordinary-circumstances determination to the extent it is founded on a factual dispute. *See Gasparyan v. Holder*, 707 F.3d 1130, 1134 (9th Cir. 2013); 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D). We therefore dismiss for lack of jurisdiction the portion of Lopez Santana's petition challenging the merits of the BIA's extraordinary-circumstances determination.

Substantial evidence supports the BIA's conclusion that Lopez Santana did

---

[1] To the extent that Lopez Santana seeks to challenge the IJ's denial of relief under the Convention Against Torture ("CAT"), he fails to address the BIA's determination as to waiver, so we do not address the merits of his CAT claim.

not establish past persecution. The record supports the BIA's conclusion that the offensive slurs directed at Lopez Santana by his school-aged peers did not rise to the level of past persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1059 (9th Cir. 2009) ("Mere discrimination, by itself, is not the same as persecution." (alteration and internal quotation marks omitted)). With respect to his rape, Lopez Santana challenges the IJ's finding that he had not shown that the government was unable or unwilling to protect him, but the BIA did not rest on that finding. Lopez Santana does not challenge the finding that his rape lacked a nexus to a protected ground, so the BIA's conclusion that he did not establish past persecution rests on substantial evidence. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 357 (9th Cir. 2017) (explaining that to qualify for withholding of removal, persecution must be "because of" a protected ground (quoting 8 U.S.C. § 1231(b)(3)(A))).

Substantial evidence supports the BIA's conclusion that Lopez Santana has not shown a clear probability of future persecution. 8 U.S.C. § 1231(b)(3)(A); *see Wakkary*, 558 F.3d at 1060 (describing the standard). Lopez Santana has lived safely in Mexico City, and the country condition evidence does not compel the conclusion that it is more likely than not that Lopez Santana will be subject to persecution in Mexico.

**DISMISSED IN PART and DENIED IN PART.**